IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TAMMY JO CRISS                                                                                               PLAINTIFF

v.                              Case No. 2:15-CV-02038

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                              DEFENDANT

## **O R D E R**

  The Court has received proposed findings and recommendations (Doc. 10) from United States Magistrate Judge Erin L. Setser. The Court has conducted a careful review of the findings and recommendations and of the timely objections (Doc. 11) filed by Plaintiff. After reviewing the record *de novo* as to Plaintiff's objections, the Court finds the Magistrate's reasoning to be sound and further finds that Plaintiff's objections offer neither law nor fact requiring departure from the Magistrate's findings.

  Plaintiff first objects that the Magistrate erred in determining that the Administrative Law Judge ("ALJ") adequately developed the record. While the Court believes that this case presents a close issue as to whether the ALJ adequately developed the record, the Plaintiff cannot prevail on this issue as she in any event failed to show that further development of the record would likely have changed the outcome—in other words, Plaintiff has not met her burden to show that she was prejudiced by the ALJ's failure to more fully develop the record in this case. *See Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) (declining to remand for further development of the record where plaintiff was represented by counsel throughout the hearing process and did not show that he had tried himself to obtain the information he complained was lacking and stating that "[m]ost

significantly, reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial") (citing *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993)).

Plaintiff also objects to the Magistrate's finding that the ALJ adequately assessed Plaintiff's credibility and properly considered Plaintiff's subjective complaints. As the Magistrate noted, the ALJ found Plaintiff's subjective complaints to be inconsistent with the fact that she did not follow recommended courses of treatment, including recommendations to engage in physical therapy and to submit to additional tests. (Tr. P. 22). Plaintiff also reported the ability to take care of her teenaged daughter, who has a heart condition and epilepsy, prepare simple meals, drive, do grocery shopping, and go to church. *Id*. Ultimately, the ALJ is in the "best position" to make credibility determinations, and the Court will defer to that determination even if supported by substantial evidence, even if substantial evidence might also support a plaintiff's argument to the contrary. *Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008) (upholding ALJ's credibility determination in case where the plaintiff complained of bulging disc and residual stroke symptoms where the plaintiff reported that she could perform housework, care for her child, cook, and drive).

Finally, Plaintiff cites to page 252 of the transcript in arguing that her treating physician, Dr. Dunham, found Plaintiff to be significantly limited. The Court notes that this part of the transcript was not an assessment of Plaintiff's residual functional capacity but looks to be a summary of Plaintiff's self-reported complaints that Dr. Dunham acknowledged would require follow-up to determine the cause of such self-reported significant limitations. Given Plaintiff's subsequent medical history, and based on the record as a whole, the Court agrees with the Magistrate that substantial evidence exists to support the ALJ's determination of Plaintiff's residual functional capacity.

The Court therefore concludes that the findings and recommendations should be, and hereby are, approved and ADOPTED as this Court's findings in all respects.

Judgment will be entered accordingly.

IT IS SO ORDERED this 8th day of March, 2016.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE